E. Elliot Adler (SBN #229030)
Brittany S. Zummer (SBN # 299808)
Amanda J. Wiesner (SBN # 304937)
**ADLER LAW GROUP, APLC**
402 W. Broadway, Suite 860
San Diego, CA 92101
Telephone: (619) 531-8700
eadler@theadlerfirm.com
bzummer@theadlerfirm.com
awiesner@theadlerfirm.com

*Attorneys for Plaintiff Patrick Keegan*

# UNITED STATES DISTRIC COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK KEEGAN, on behalf of himself and others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> BOSE CORPORATION, <br><br> Defendant. | Case No.: **'16CV0232 BEN MDD** <br><br> **CLASS ACTION COMPLAINT** <br><br> **1. Violation of California's Song-Beverly Credit Card Act, Cal. Civ. Code § 1747,** *et seq.* <br><br> **JURY DEMANDED** |

Plaintiff Patrick Keegan ("**Plaintiff**"), by and through his undersigned counsel, individually and on behalf of all others similarly situated (the "**Class**"), alleges the following facts and claims upon personal knowledge and upon information and belief as to all other matters as follows.

## NATURE OF THE ACTION

1. This action arises out of Defendant Bose Corporation's repeated, intentional, and systemic violations of the Song-Beverly Credit Card Act (hereinafter "**Song-Beverly Act**" or "**Act**").

2. The Song-Beverly Act "is designed to promote consumer protection" and is intended to "protect the personal privacy of consumers who pay for transactions with credit cards." *Pineda v. Williams-Sonoma Stores, Inc.*, 51 Cal. 4th 524 (2011) (*citing* Assem. Com. on Finance & Insurance, Analysis of Assembly Bill No. 2920 (1989-1990 Reg. Sess.) as amended Mar. 19, 1990, p. 2).

3. The Song-Beverly Act was enacted to address two principle privacy concerns. "First, that with increased use of computer technology, very specific and personal information about a consumer's spending habits was being made available to anyone willing to pay for it; and second, that acts of harassment and violence were being committed by store clerks who obtained customer's phone numbers and addresses." *Pineda*, 51 Cal. 4th at 534-35.

4. To promote these purposes, section 1747.8(a)(2) of the Act prohibits businesses from requesting that cardholders provide personal identification information during credit card transactions, and then recording that information. In 1991, the Legislature broadened subdivision (a)(2) from not only prohibiting a business from "requiring" that a customer provide personal identification information, but also forbidding a "request" for personal identification information. This broadening amendment was intended to prevent businesses from making an end-run around the law by claiming that the customer furnished his personal identification information voluntarily. *Pineda*, 51 Cal. 4th at 540.

5.  Defendant Bose Corporation **("Defendant")** operates retail stores throughout the United States, including in the State of California.  Defendant is currently utilizing a policy whereby Defendant's cashiers both request and record credit card numbers and personal identification information from customers using credit cards at the point-of-sale in Defendant's retail establishments, in violation of California Civil Code § 1747.08.

## PARTIES

6.  Plaintiff Patrick Keegan is an individual and is and was at all relevant times herein a citizen and resident of the County of San Diego, State of California.

7.  Plaintiff is informed and believes and thereon alleges that Defendant Bose Corporation is, and at all times mentioned herein was, a Delaware corporation with its corporate headquarters and principal place of business located at The Mountain 6B1, Framingham, MA 01701.  Defendant is a corporation that accepts credit cards for the transaction of business.

## JURISDICTION AND VENUE

8.  This court has subject matter jurisdiction pursuant to the Class Action Fairness Act (CAFA) because the matter in controversy exceeds the sum or value of $5,000,000 as to all putative Class members, exclusive of attorney's fees and costs. 28 U.S.C. §§ 1332(d), 1453, and 1711-1715.

9.  This Court also has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that Plaintiff is a resident and citizen of the State of California while Defendant is a Delaware corporation headquartered in Framingham, Massachusetts.

10. This Court has personal jurisdiction over Defendant because Defendant conducts business in the County of San Diego, State of California.  Therefore, Defendant has sufficient minimum contacts with this state, and otherwise purposely avails itself of the markets in this state through the promotion, sale, and marketing of its products in this state, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

11.  Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all relevant times.

## FACTUAL BACKGROUND

12.  On or about December 18, 2015, Plaintiff was shopping at a Bose retail store owned and operated by Defendant, located at 5630 Paseo Del Norte, Suite 140, in Carlsbad, California.  During his visit to the Defendant's retail store, Plaintiff purchased merchandise and paid for the merchandise using his personal credit card.

13.  During Plaintiff's credit card transaction, and pursuant to Defendant's uniform policy, Defendant's employee conducting the sale requested Plaintiff's personal identification information in the form of his driver's license, address, and telephone number, without informing Plaintiff of the consequences if Plaintiff did not provide Defendant's employee with Plaintiff's requested personal identification information.

14.  Plaintiff, reasonably believing that he was required to provide the requested information to complete the transaction and receive his receipt, provided Defendant's employee with his driver's license, address, and telephone number.

15.  Defendant's employee then recorded Plaintiff's personal identification information by typing it into a store computer.

16.  Plaintiff is informed and believes that Defendant engages in a pattern and practice of knowingly requesting, and subsequently recording, personal identification information of its customers, including but not limited to customer's driver's licenses, addresses, and/or telephone numbers, at all its retail stores in California as a matter of policy during its credit card transactions.

17. Plaintiff is informed and believes that Defendant has been engaged in, and continues to engage in, a similar practice affecting the Class defined herein during the applicable statute of limitations period, including through the present.

18. As a result of Defendant's wrongful conduct, Plaintiff and all members of the Class defined herein are entitled to monetary relief.

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action on behalf of himself and other members of the Class defined as:

> All persons who, within one (1) year prior to filing of the complaint in the within action, and up to and including the date of class certification, purchased merchandise with a credit card at a Bose retail store operated by Defendant in California and were requested to, and did, provide personal identification information which was then recorded by Defendant before or during the credit card transaction.

20. Members of the Class are so numerous that their individual joinder herein is impracticable. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be readily determined from Defendant's records and other discovery.

21. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to:

   a. whether each Class member engaged in a credit card transaction with Defendant;

   b. whether Defendant requested the cardholder to provide personal identification information, and recorded the personal identification of the cardholder, during credit card transactions with class members;

   c. whether Defendant's conduct of requesting the cardholder to provide personal identification information during credit card transaction and

       recording the personal identification information of the cardholder constitutes violations of California Civil Code section 1747.08;

    d. whether Plaintiff and each Class member are entitled to statutory penalties as a matter of law; and

    e. whether Plaintiff and the Class are entitled to injunctive relief.

22. The claims of the named Plaintiff are typical of the claims of the Class in that Plaintiff and each Class member was exposed to virtually identical conduct, and each is entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e).

23. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interest of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by Plaintiff and his counsel.

24. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issue will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

/ / /

/ / /

# FIRST CAUSE OF ACTION

### (Violation of California's Song-Beverly Credit Card Act, California Civil Code §§ 1747.08)

25. Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

26. California Civil Code section 1747.08 prohibits any corporation that accepts credit cards for the transaction of business from requesting the cardholder to provide personal identification information, which the corporation then records.

27. Defendant is a corporation that accepts credit cards for the transaction of business.

28. On or about October 18, 2015, Plaintiff purchased merchandize using a credit card from Defendant's retail store at 5630 Paseo Del Norte, Suite 140, in Carlsbad, California. Before the credit card transaction was completed, Plaintiff was requested to provide Defendant with his driver's license, address, and telephone number, which Plaintiff is informed and believes and therefore alleges that Defendant electronically recorded.

29. Defendant utilizes and continues to utilize a policy whereby Defendant's cashiers request customers to provide Defendant with personal identification information as a condition of accepting a credit card as payments for Defendant's goods.

30. Defendant is informed and believes, and therefore alleges that Defendant is not contractually obligated to obtain a customer's driver's license number, address, or telephone number in order to complete the credit card transaction, nor is Defendant required to record a consumer's telephone number by federal law or regulation.

31. Plaintiff is informed and believes, and therefore alleges that Defendant is not required to obtain a consumer's driver's license, address, or telephone number for a special purpose incidental, but related to, the individual credit card transaction.

32. Pursuant to California Civil Code § 1747.08, the Court is required to award statutory penalties in the event it determines that the Song-Beverly Credit Card Act has been violated.

33. Pursuant to California Civil Code § 1747.08(e), the Court must award penalties of up to two hundred fifty dollars ($250.00) per violation for each primary violation, and up to one thousand dollars ($1,000.00) per violation for each subsequent violation of the Song-Beverly Act.

34. Therefore, Plaintiff and the class are entitled to civil penalties in an amount to be proven at trial as provided for under California Civil Code § 1747.08(e).

## **PRAYER FOR RELIEF**

WHEREFORE, the Representative Plaintiff, on behalf of himself and all persons and consumers similarly situated, pray for judgment against Defendant as follows:

1. That an order certifying the Class defined herein be entered designating Plaintiff and his counsel as representatives of said Class;

2. For an award to Plaintiff and each Class members of the civil penalty to which he or she is entitled under California Civil Code section 1747.08(e);

3. That the Court preliminarily and permanently enjoin Defendant from utilizing a policy whereby Defendant's cashiers both request and record personal identification information from customers using credit cards at the point-of-sale in Defendant's retail establishments;

4. For an award of attorney's fees pursuant to California Civil Code §1021.5;

5. For an award of costs of suit herein;

6. For prejudgment interest at the legal rate; and

7. For such other relief as this Court deems to be just and equitable.

/ / /

/ / /

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury.

Dated: January 29, 2016  By:  */s/ Elliot Adler*
E. Elliot Adler, Esq.

*/s/ Brittany Zummer*
Brittany S. Zummer, Esq.

*Attorneys for Plaintiff Patrick Keegan on behalf of himself and others similarly situated*

CLASS ACTION COMPLAINT